## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **DIANA DENOMME** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | **C.A. No.** |
| | : | **JURY TRIAL DEMANDED** |
| **METROPOLITAN LIFE** | : | |
| **INSURANCE COMPANY** | : | |
| | : | |
| **Defendant** | : | |

### COMPLAINT

Plaintiff Diana Denomme hereby commences this action against the Defendant and alleges:

## I.      JURISDICTION AND VENUE

1.   Plaintiff, a citizen of the State of Rhode Island, invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 because the claims asserted herein arise under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA").

2.   Bank of America employed Plaintiff and provided Plaintiff with Long Term Disability (LTD) as a fringe benefit through her employment, and is a plan sponsor within the meaning of ERISA 29 U.S.C. § 2002(16)(B).

## II.      PARTIES

3.   Defendant Metropolitan Life Insurance Company is the entity that administers the STD and LTD benefits as the "plan administrator" within the meaning of ERISA, 29 U.S.C.

§ 1002(16)(A) and § 1132 and a "fiduciary" within the meaning of 29 U.S.C. § 1002(21) of
ERISA

4.   Plaintiff is a resident of the state of Rhode Island and an ERISA Plan Beneficiary
within the meaning of ERISA, 29 U.S.C. § 1132(a)(1)(B) and (3).

## III.   <u>FACT ALLEGATIONS</u>

5.   Plaintiff was employed by Bank of America full time as a Project Consultant,
Financial Solutions.

6.   On or about February 5, 2018, Plaintiff went on medical leave due to debilitating side
effects and symptoms of a back and leg injury after a fall at home.

7.   Defendant approved Plaintiff's application for Short Term Disability  on or
about February 20, 2018.

8.   Defendant then approved Plaintiff's application for LTD effective August 6,
2018.

9.   By letter dated August 8, 2018, Defendant informed Plaintiff that the Plan
required that she apply for Social Security Disability benefits.

10. Plaintiff applied for Social Security Disability benefits.

11. By the decision dated March 22, 2019, Plaintiff was denied additional LTD benefits
effective March 22, 2019.

12. The basis of the decision was that the Plaintiff allegedly no longer met the
definition of "Disabled" under the Plan.

13. On April 1, 2019, Plaintiff filed a timely appeal of the March 22, 2019 benefit
denial, and submitted additional medical documentation and evidence to the claim
administrator in support of her appeal.

14. On May 28, 2019, Plaintiff was awarded Social Security Disability benefits

15.  The evidence submitted by Plaintiff in her appeal included, but was not limited to, records and reports of her treating physician, Dr. Michelle VanNieuwenhuize, as well as the decision letter granting her Social Security Disability benefits.

16.  The evidence submitted by Plaintiff further included a Functional Capacity Evaluation (FCE) performed on May 21, 2019

17.  By a decision dated September 20, 2019, Plaintiff was again denied benefits beyond March 22, 2019.

18.  Plaintiff has now fully exhausted all available administrative remedies.

19.  According to the correspondence provided by Defendant, in order to qualify for benefits under the Plan language at the time of her benefit denial Plaintiff needed to prove that she was Disabled from her "Own Occupation."

20.  Plaintiff submits that the medical documentation and evidence in the claim file fully supported Plaintiff's claim that she met the LTD Plan definition of "Disabled," in that she was and is unable to perform the duties of her own occupation.

21.  Among other things, Defendant disregarded evidence that Plaintiff was unable to perform the intense mental demands of her position, due to the pain that she suffered and/or the medications required to control that pain.

22.  Defendant failed to give due weight to the FCE.  That report noted both the limitations on her functional capacity due to pain and/or medication, as well as her inability to meet the demands of her position.

23.  Defendant failed to give due weight to the opinions of Plaintiff's treating physician, who similarly noted limitations on her functional capacity due to pain and/or medication, as well as her inability to meet the demands of her position.

24.  Among other things, Metropolitan's review falsely stated that the FCE had

stated that Plaintiff had done some "symptom magnifying" during her FCE.

25. Defendant failed to give due weight to the award of Social Security Disability benefits.

26. As a result of the denial of LTD benefits, Plaintiff has suffered the loss of the value of LTD benefits, and has thus suffered the loss of the value of LTD benefits, and has suffered other pecuniary damages including attorney's fees and costs of the within litigation.

## COUNT I
## DENIAL OF PLAN BENEFITS
## 29 U.S.C. § 1132(a)(1)(B)

27. Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this Complaint.

28. Plaintiff Plan Beneficiary, at all times since in or about February 5, 2018, has been and continues to be disabled within the meaning of the Plan, and therefore eligible to receive Long Term Disability benefits thereunder.

29. By correspondence dated September 20, 2019, Defendant made a final denial of Plaintiff's claim for benefits.

WHEREFORE, Plaintiff prays for the relief requested herein.

## COUNT II
## BREACH OF FIDUCIARY DUTY
## 29 .S.C. § 1024(b)(4)

30. Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this Complaint

31. Plaintiff requested copies of the Plan documents, including the LTD policies, by letter dated August 28, 2018.

32. Defendant failed to provide Plaintiff with a copy of the Plan documents when requested by the Plaintiff.

33. Defendant's failure to provide the Plan documents was in violation of law, and is

punishable by a penalty of $110 per day.

34.   As a result of the failure to provide the Plan documents, Plaintiff has suffered inconvenience, was handicapped in her ability to appeal denial of her LTD benefits, and has otherwise suffered harm.

WHEREFORE, Plaintiff prays for the relief requested herein.

## PRAYER FOR RELIEF

Plaintiff prays that this Court grant her the following relief:

1.   Declare that Plaintiff stands entitled to Long Term Disability (LTD) benefits under the terms of the LTD policy;

2.   Order Defendant to pay Plaintiff's LTD benefits retroactive to termination;

3.   Award Plaintiff statutory penalties for failure to provide Plan documents.

4.   Award Plaintiff reasonable attorney's fees, litigation expenses and costs;

5.   Award Plaintiff appropriate interest on all such monies; and

6.   Such other and further relief as the Court deems just and proper to award Plaintiff.

## PLAINTIFF CLAIMS TRIAL BY JURY ON ALL COUNTS SO TRIABLE.

Respectfully submitted,

PLAINTIFF DIANA DENOMME
By her Attorneys,

/s/ Noelle K. Clapham
Noelle K. Clapham #5338
Vicki J. Bejma #6498
Robinson & Clapham
123 Dyer Street Suite 135
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
robinsonandclapham@gmail.com
vbejma@smrobinsonlaw.com